## WINSLOW S. MOORE *v*. TOWN OF WARREN.*

### *Soldier's Bounty.*

The books and records in the office of the adjutant general of the state, and not the date of muster-in, control as to who are entitled to bounty under a vote of a town to pay a bounty to those who should apply on a quota under a given call. Vide *Bucklin* v. *Sudbury*, 43 Vt. 700.

ASSUMPSIT to recover a town bounty. Plea, the general issue, and trial by jury, March term, 1871, Washington county, PECK, J., presiding.

The president of the United States, on the 17th October, 1863, issued a call for 300,000 volunteers, under which call the quota of the defendant was fourteen men. On the 21st of November, 1863, the town, by a legal vote, " directed the selectmen to pay to each and every volunteer who shall enlist to fill the quota of the town on the present call of the president of the United States

---

* This case was heard at the August term, 1871, Washington county supreme court, and the opinion delivered at the general term, in November, 1871.

for 300,000 men, $200 ; to bo paid after being sworn into the service of the United States." On the 10th of December, 1863, the town legally voted " to raise $115 for each and every recruit, in addition to the $200 raised at a former town meeting, that have, or shall, enlist before January 1, 1864, to fill the quota of the town of fourteen men, ordered by the government on the last requisition of the president of the United States for 300,000 men, to fill the old regiments in the field."

On the 15th of December, 1863, the plaintiff, who was then a soldier in the 6th regiment of Vermont volunteers, re-enlisted at Brandy Station, Va., and was mustered in on the 16th, and credited to the defendant, because he was a native of the town, and had understood the town was paying a bounty. On the 5th of January, 1864, he came home to Warren, on a furlough, and on that day saw one of the selectmen of the town, and told him he had re-enlisted to the credit of the town, and that he understood the town was paying a bounty, and that he expected a bounty. About a week afterwards, he told the selectman that another town had offered him a bounty, and that he wanted something done about it. It appeared by the books of the adjutant general of the state, that the town was credited with fourteen men, all of whom enlisted on or before the 14th of December, 1863, and were mustered between the 4th and 25th of said December, and that they were the men who filled the quota of the town under said call. It was proved that some time after the middle of January, 1864, muster rolls were received at the adjutant general's office, showing that certain men, and among them the plaintiff, had re-enlisted in the field, and been set to the town of Warren, and that the plaintiff was the fourth man thus mustered ; and these men, including the plaintiff, were then passed to the credit of the defendant on the adjutant general's books, and were applied on the defendant's quota under a call of the president issued February 1, 1864.

The fourteen men who filled the quota as aforesaid, were contracted with by the selectmen of the town, mustered in, and paid the bounty, according to the said votes, before January 1, 1864, and before the selectmen knew that the plaintiff had re-enlisted,

or been mustered to the credit of the town, which they did not learn before January 5, 1864.

The court, *pro forma*, directed a verdict for the plaintiff for the amount named in each vote, separately, with interest from January 5, 1864 ; to which the defendant excepted.

*C. J. Gleason*, for the defendant.

*Randall & Durant*, for the plaintiff.

The opinion of the court was delivered by

BARRETT, J. On the argument of this case, the court concurred in opinion ; but as only three of the judges could sit in the hearing, it was thought advisable to hold it till the case of *Bucklin* v. *Sudbury* should be re-argued at the general term in November, 1871. As it stands in its controlling features on the same grounds as that case, the opinion in that case may be referred to for the views and reasons upon which this case is decided. It is proper to remark that it is distinguished from the case of *Chase* v. *Middlesex*, referred to in the plaintiff's brief, in the fact that the plaintiff in that case was shown to have been reckoned at the adjutant general's office upon the quota of the town under the call of October 17, 1861. It is distinguished from *Kittredge* v. *Walden*, also cited in the plaintiff's brief, in the fact that, in that case, the vote did not make it a condition that the volunteer should be applied on a specified quota ; and, further, it was found affirmatively that " the plaintiff was mustered in under that call to the credit of the town of Walden."

Judgment reversed, and cause remanded.